## INDEX OF STATE COURT DOCUMENTS

Cause No. DC-23-02492

### HENRY MORGAN, ET AL.

v.

### LINCOLN NATIONAL CORPORATION
### D/B/A LINCOLN FINANCIAL GROUP, ET AL.

In the 14th Judicial District Court of Dallas County, Texas

| EX. | DOCUMENT | FILED DATE |
|-----|----------|------------|
| A | Original Class Action Petition | February 22, 2023 |
| B | Citation to Fidelity Product Services, LLC | February 22, 2023 |
| C | Citation to Lincoln National Corporation | February 22, 2023 |
| D | Citation to The Lincoln National Life Insurance Co. | February 22, 2023 |
| E | Citation to The Lincoln Life & Annuity Company of New York | February 22, 2023 |
| F | Citation to FMR, LLC | February 22, 2023 |
| G | Notice of Deadline Regarding Dismissal for Want of Prosecution | March 29, 2023 |

# EXHIBIT A

2/22/2023 3:16 PM
FELICIA PITR
DISTRICT CLER
DALLAS CO., TEXA
Gwendolyn Thomas DEPUT

DC-23-02492

## CAUSE NO. DC-_____

| | | |
|---|---|---|
| HENRY MORGAN, SUSAN SMITH, CHARLES SMITH, LAURA SEALE, TERRI COGBURN, LAURA BAESEL, TONI HALE, KATHLEEN WALTON, and TERRY WARNER | § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § § | 14th ____ JUDICIAL DISTRICT |
| v. | § § | |
| LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP, THE LINCOLN NATIONAL LIFE INSURANCE CO., LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, FMR, LLC, and FIDELITY PRODUCT SERVICES, LLC, | § § § § § § § § § § § § | |
| *Defendants.* | § § § | OF DALLAS COUNTY, TEXAS |

---

## ORIGINAL CLASS ACTION PETITION

---

Comes now Henry Morgan, Susan Smith, Charles Smith, Laura Seale, Terri Cogburn, Laura Baesel, Toni Hale, Kathleen Walton, and Terry Warner (the "Plaintiffs"), to file this Original Class Action Petition, stating as follows:

### INTRODUCTION

1.      Lincoln National Corporation d/b/a Lincoln Financial Group, The Lincoln National Life Insurance Co., Lincoln Life & Annuity Company of New York, FMR, LLC and Fidelity Product Services, LLC (collectively, the "Defendants") have created and marketed insurance products with attributes of investment products to unsuspecting consumers that are misleading and deceptive. As a result of these marketing efforts, innocent consumers have been duped into

1

entering into long-term fixed annuity contracts that offer no real gains, but are marketed and promoted as providing significant financial upside during the term of the fixed annuity, even during economic bad times due to the advertised and marketed dividend crediting component. The reality is that the consumers get locked into fixed annuities that provide little to no return and lost out on the ability to generate better returns and value with reasonable alternative(s). For consumers that live on either a fixed income, are the sole support for themselves, or are at retirement age and need a secure place for their money with reasonably safe interest return, these deceptive index annuities cause significant harm.

2.      Specifically, the Defendants have devised and marketed an index to measure interest returns on fixed annuities. The Fidelity AIM Index is marketed to consumers promising "benefit from market upside potential with less exposure to market volatility." Fidelity manages the index and licenses its usage to Lincoln for marketing and sale to consumers. However, Lincoln touts and markets this as a partnership between Lincoln and Fidelity. The index is marketed as providing a "dynamic asset allocation" that blends strong dividend stocks with treasuries to ensure that the index only has upside for the investor. These representations are misleading and false as the methodology behind the index is undisclosed and at times the index has only been tied exclusively to treasuries, which essentially guarantees a minimal or zero return to consumers. These misrepresentations and omissions of fact have caused consumers to place their funds in the Fidelity AIM Index annuity product instead of significantly better performing and equally safe stock indexed annuities.

3.      The Defendants have sold literally hundreds of millions of dollars of investments in these annuity contracts tied to the Fidelity AIM Index. In those years in which the Fidelity AIM Index mix failed to include the promised dividend stocks as part of its "dynamic asset allocation"

2

the product was deceptively marketed and consumers lost millions of dollars of realizable interest gain on their annuities.

4.      The Plaintiffs bring this suit on behalf of themselves and all others similarly situated to recover their annuity losses and damages for material breaches of contract.

## THE PARTIES

5.      Plaintiff Henry Morgan is an individual that resides in Dallas, Texas.

6.      Plaintiff Susan Smith is an individual that resides in Benton, Texas.

7.      Plaintiff Charles Smith is an individual that resides in Richardson, Texas.

8.      Plaintiff Laura Seale is an individual that resides in Garland, Texas.

9.      Plaintiff Terri Cogburn is an individual that resides in Mesquite, Texas.

10.      Plaintiff Laura Baesel is an individual that resides in Celina, Texas.

11.      Plaintiff Kathleen Walton is an individual that resides in Dallas, Texas.

12.      Plaintiff Terry Warner is an individual that resides in Carrollton, Texas.

13.      Plaintiff Toni Hale is an individual that resides in Wills Point, Texas.

14.      Defendant Lincoln National Corporation d/b/a Lincoln Financial Group is a Pennsylvania-based financial services corporation and an Indiana corporation. Lincoln National Corporation may be served with citation and process through its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204. Lincoln National Corporation regularly does business in the State of Texas and has purposefully availed itself of the laws of the State of Texas.

15.      Defendant The Lincoln National Life Insurance Co. is an Indiana-based financial services corporation, and may be served with citation and process through its registered agent, Corporation Service Company, 135 North Pennsylvania Street, Suite 1610 Indianapolis, Indiana

3

46204. The Lincoln National Life Insurance Company regularly does business in the State of Texas and has purposefully availed itself of the laws of the State of Texas.

16.     Defendant Lincoln Life & Annuity Company of New York is New York-based financial services corporation with its principal place of business at 120 Madison Street, Suite 1310, Syracuse, New York 13202, and it may be served with citation and process through its registered agent, Corporation Service Company, at 1127 Broadway Street NE, Suite 310, Salem, Oregon, 97391. Lincoln Life & Annuity Company regularly does business in the State of Texas and has purposefully availed itself of the laws of the State of Texas.

17.     Defendant FMR, LLC dba Fidelity Asset Management is a Massachusetts-based financial services corporation and Delaware limited liability company and may be served with citation and process through its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110. FMR, LLC regularly does business in the State of Texas and has purposefully availed itself of the laws of the State of Texas.

18.     Defendant Fidelity Product Services, LLC is Texas-based financial services corporation, and Delaware limited liability company and may be served with citation and process through its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110. Fidelity Product Services, LLC regularly does business in the State of Texas and has purposefully availed itself of the laws of the State of Texas.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional requirements. Specifically, the amount in controversy exceeds $1,000,000.00.

4

20.     Venue is proper in Dallas County, Texas because all or a substantial part of the acts or omissions forming the basis of this suit occurred in Dallas County, Texas, under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

### FACTUAL BACKGROUND

21.     In or around February of 2020, Henry Morgan, along with the other Plaintiffs in this case, entered into Fixed Indexed Annuity contracts with The Lincoln National Life Insurance Company, d/b/a Lincoln Financial Group ("Lincoln"). In general, Fixed Indexed Annuities are a type of fixed annuity that earns interest based on changes in a market index, which measures how the market or part of the market performs. The interest rate is guaranteed to never be less than zero, even if the market goes down. In this case, the Plaintiffs purchased Fixed Indexed Annuity contracts that placed 100% of the deposited account monies into a fund governed by the 1-Year Fidelity AIM Dividend Participation Index.

22.     Lincoln explains its Fixed Index Annuity contract offerings as intended for retirement or other long-term needs. Specifically, Lincoln offers these Fixed Indexed Annuity contracts for principal protection, access to interest, options for guaranteed income, and beneficiary protection. Further, Lincoln summarizes the benefits of its Fixed Indexed Annuity contract as offering "growth potential" and the 1-Year Fidelity AIM Dividend Participation Index was specifically marketed as guaranteed protection from loss but with a dividend benefit as stated in Lincoln's material:

> If you're looking to benefit from market upside potential with less exposure to market volatility, the Fidelity AIM Dividend Index may be a great option. Available exclusively with your Lincoln OptiBlend fixed indexed annuity, the 1-Year Fidelity Aim Dividend Participation account is tied directly to the Fidelity AIM Dividend Index. It's managed by Fidelity, an asset manager with over 70 years of experience and one of the largest research teams in the industry. The Fidelity AIM Dividend Index uses a set of rules that utilize a dynamic asset allocation approach. This means it blends the appeal of high dividend stocks with the safety of U.S. Treasuries to

5

help manage changes in the market and deliver a steady investment experience over time.

23.     Based on a hypothetical market, Lincoln projected that the 1-Year Fidelity AIM Dividend Participation Index would return a 6.7% average return on a $1.5 million annuity premium, which would yield a total growth rate in the annuity over thirty (30) years to $2.521 million and permit essentially a $90,000 per year annual withdrawal.

24.     Further, Lincoln represented that a 10-year return on the same index during an "up market" between 1991 and 2001 would yield a 6.38% average return, and an ending account value of $1.587 million. Incredibly, Lincoln also represented that a 10-year return on the same index during a "down market" would yield a 6.39% average return and an ending account value of $1.627 million.

25.     Lincoln marketed this product aggressively to its agents, brokers, and customers. Lincoln started a campaign of misrepresentation amongst its agents and brokers about the new "Lincoln and Fidelity partnership" trading on both the reputation and name of Fidelity, one of the globe's largest securities brokerage houses, and pumping the prospect that a newly licensed product from Fidelity could provide significant financial upside to clients.

26.     As Lincoln explained:





Give clients the power with new
Lincoln and Fidelity partnership

If clients are looking to combine upside potential with less exposure to
market ups and downs, they've come to the right partnership

27.    Trading on the name and reputation of Fidelity, Lincoln expressly stated in its marketing materials that Fidelity had over 70 years of experience, $2.8 trillion in assets under management, and one of the largest research teams in the industry. Based on that track record of asset success and experience, Lincoln offered its own experience of "over 114 years of helping people prepare for their future" with an "expanding selection of protected income solutions –*that just got bigger.*"

28.    Lincoln specifically began marketing the 1-Year Fidelity AIM Dividend Participation account, which was tied to the Fidelity AIM Dividend Index, as a new option for *Lincoln OptiBlend* products. Lincoln's pitch was that the new index utilized high dividend stocks to boost returns in low or declining interest rate environments after a long bull market. This new index was being rolled out in 2019, a time when historic low interest rates were still present *and* the markets and investment advisors began to become worried about market volatility after such a long and successful market rise during the decade.

29.    Lincoln was aggressive in its marketing of the 1-Year Fidelity AIM Dividend index:

7

The 1 Year Fidelity AIM Dividend Participation account is tied to the Fidelity AIM Dividend Index. This index utilizes high dividend stocks and we believe that is very timely based on the interest rate environment and market cycle. For more info please go to the Fidelity website, Go.Fidelity.Com/FADI.

Check out the attached illustration showing a diversified allocation utilizing this strategy. Page 3 shows a 30yr average return that is over 6% and Page 5 shows an unfavorable period over 5% & a favorable period closer to 7% returns!

30. Lincoln also marketed the new Fidelity strategy as being beneficial because it promoted "performance" at a 6.94% average return over the past ten years, provided "simplicity" because it was comprised of 125 dividend paying stocks and bonds, and highlighted "transparency" because Fidelity published the list of the 125 equity holdings. These representations turned out to be essentially all false. The performance of the index was negative, which meant a zero return. The mix of stocks and bonds that were tied to the index were shifted in an undisclosed manner that essentially guaranteed zero return. Fidelity's publication of the index methodology and list of equity holdings was not at all transparent.

31. Based on the prospect that there would be significant upside and zero downside to investing into a Fixed Indexed Annuity contract that was allocated entirely into the 1-Year Fidelity AIM Dividend Participation account, the Plaintiffs placed substantial sums of money into Lincoln annuities. This locked substantial money into the annuity contract and subjected the funds to surrender value penalties and market value adjustments, should the Lincoln customers choose to end the contract and move their funds into a more suitable vehicle.

32. In early 2021, the Plaintiffs began receiving their annual statements for their annuity contracts. The statements uniformly showed very low to zero returns, which prompted serious questions concerning the 1-Year Fidelity AIM Dividend Participation index because it had been marketed as a significant upside investment vehicle. Indeed, the hypothetical illustrations provided to brokers, agents, and customers showed that even in "down years" the product still

8

performed at a >6.00% average return. Those illustrations coupled with the pitch that the blend of dividend equities would ensure that a significant return would still be accomplished. Indeed, Lincoln employee Christopher Kattmann, an internal marketing consultant, made several oral representations to Henry Morgan and, on information and belief, made the same misrepresentations to other brokers, agents, and customers, that when the market was no longer in the bull direction a return would still be generated because of the dividend stock mix in the index.

33. After the zero returns were noted on the statements for the first time in early 2021, Plaintiffs, through Henry Morgan, contacted Lincoln and asked for an explanation. The only explanation provided was that Fidelity moved *all* the funds that produced in the index to Treasury securities when the market collapsed in early March 2020. In other words, the index was shifted from a mix of dividend stocks and bonds – consistent with both the index's model and the disclosures to consumers – to a 100% treasury security index – completely inconsistent with the model and the disclosures.

34. Of course, the market collapse in the wake of the onset of the global COVID-19 pandemic in March 2020 was relatively short-lived, even if steep. After an approximate 30-day market decline, the market had rebounded significantly since the Spring of 2020, and exceeded a 16% return in the S&P 500 Index by year end 2020. On information and belief, the product mix was never moved back to a blend of dividend stocks and bonds as disclosed until later in 2021, if ever.

35. The *Lincoln OptiBlend* annuity contracts and, more specifically, the 1-Year Fidelity AIM Dividend Participation account option were falsely misrepresented to consumers, agents, and brokers and constitute fraud, violations of the Texas Deceptive Trade Practices Act or negligent misrepresentations.

9

## CLASS ALLEGATIONS

36.     Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

37.     The Plaintiffs seek certification of the following general class under Texas Rule of Civil Procedure 42 (hereinafter the "Class") preliminarily defined as follows:

"All individuals and entities who purchased *Lincoln OptiBlend* products that allocated account monies to the 1-Year Fidelity AIM Dividend Participation Account."

38.     The Plaintiffs propose the Class Period be defined as January 1, 2020 to December 31, 2022 and include all consumers that purchased Lincoln OptiBlend products that allocated account monies to the 1-Year Fidelity AIM Dividend Participation Account.

39.     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court under joinder provisions. *See* Tex. R. Civ. P. 42(a). The exact number and other information of Class members is unknown at this time but can be determined from the records maintained by the Defendants, including indexed annuity contracts for each investor or customer during the relevant class period. On information and belief, it is anticipated that the Class numbers in the thousands.

40.     The class claims all arise from questions of law and/or fact common and typical to the Class considering the substantial uniformity of the offering materials, misrepresentations made, and agreements entered into with the Plaintiffs. Furthermore, the Plaintiffs, as named plaintiffs in the class, are typical members of the Class in that they were subject to the terms of agreements and obligations during the class period but all were denied the value of their investment through Defendants' fraud and breaches of contract.

41.     Plaintiffs seek monetary relief to secure redress for Defendants' common fraud and breach of agreements as to all Class members. Based upon available information, it is believed that Defendants committed widespread deceptive marketing practices based on the systematic

10

over-valuation and misleading description of the 1-Year Fidelity AIM Index, including the consistent and systematic omission of necessary disclosures and information related to the index methodology and product mix. Plaintiffs seek class certification pursuant to Rule 42(b)(3). There are key questions common to all the members of the Class that predominate this litigation, making certification under Rule 42(b)(3) appropriate, including:

    a. Factual resolution of the substantial similarity in Plaintiffs' claims under the Texas Deceptive Trade Practices Act, including the failure of the inclusion of significant disclosures surrounding the index methodology as well as the ability of the index manager to change the stock mix of the index in a manner inconsistent with how the index was marketed and sold to consumers;

    b. Factual resolution of the various fraudulent misstatements and misrepresentations made to the Plaintiffs in the uniform marketing materials provided to each member of the Class;

    c. Factual resolution of whether licensing fees or management fees as between the Defendants were adequately disclosed to Plaintiffs;

    d. Factual resolution of whether Defendants substantially assisted, encouraged, or otherwise assisted in the marketing fraud of the Fidelity AIM Index.

42.    Individualized issues will not predominate over these common (and likely dispositive) questions and a class action is superior to separate lawsuits on the same legal and factual issues.

43.    Plaintiffs are typical members of the Class. As alleged herein, Plaintiffs purchased securities fixed index annuity contracts with the Lincoln Defendants. The Plaintiffs purchased these contracts because of misleading marketing materials that failed to describe the actual

working of the Fidelity AIM Index and the methodology of the index. These proposed class representatives adequately protect the rights and interests of all similarly situated consumers. These Plaintiffs have no interest adverse to the interests of the other members of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel experienced and competent in the prosecution of complex litigation.

## CLAIMS AND REQUEST FOR RELIEF

### First Claim (Against the Lincoln Defendants)
### Violations of the DTPA

44. The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

45. The Plaintiffs are all individuals and qualify as consumers under the Texas Deceptive Trade Practices Act.

46. Defendants are all persons that may be sued under the Texas Deceptive Trade Practices Act.

47. The Defendants committed one or more of the following wrongful acts in violation of the Texas Deceptive Trade Practices Act:

    a. Marketed and sold annuity contracts and financial services through false, misleading and deceptive acts or practices as found in Section 17.46(b) of the Texas Business and Commerce Code, including:

        i. Representing that the goods and services at issue (annuity contracts and financial services for secure retirement planning) have the characteristics, uses, and benefits that they do not have and that the goods have the sponsorship, approval, status, affiliation, or connection they do not have. Specifically, the 1-Year Fidelity AIM Dividend index

12

was represented to be part of a "partnership" with Fidelity, and it would include a dynamic allocation of 125 dividend stocks. Neither was true. It was a licensed product of Fidelity, not managed, overseen, or even understood by Lincoln, and the methodology of the index was inconsistent with the marketing representations made to brokers, agents, and customers. *See* Tex. Bus. & Com. Code § 17.46(b)(5).

ii. Representing that the goods or services are of a particular standard, quality, or grade when they were not as represented. The index methodology was inconsistent with the marketing and was intentionally deceptive to persuade customers to believe that the index had only upside potential. *See* Tex. Bus. & Com. Code § 17.46(b)(6).

iii. Representing that an agreement confers or involves rights, remedies, or obligations that it does not. The Fixed Index Annuity contract with allocation in the 1-Year Fidelity AIM Dividend Participation account was represented as providing an average annual return of approximately >6.00% due to its unique methodology of dividend-emphasized stocks. *See* Tex. Bus. & Com. Code § 17.46(b)(12).

b. The marketing and sale of Lincoln OptiBlend products with the 1-Year Fidelity AIM Dividend Participation Account was unconscionable as rolled out. *See* Tex. Bus. & Com. Code § 17.46(a)(3). The specific non-disclosure of the Fidelity AIM methodology and the affirmative hyping of the ability of dividend-based stock mix to ensure a return even in "down years" was so glaringly noticeable, flagrant and complete that it constitutes an unconscionable

13

act. This is particularly true when the product is so confusing and improperly disclosed so as to be impenetrable for agents and brokers to understand based on the disclosures that were provided and was aimed at elderly consumers and retirees who almost certainly would not understand the product's failure.

48.     Defendants' actions were a producing cause of Plaintiffs injuries and damages. Plaintiffs suffered significant economic damages in that they lost market returns from an increasing market because of an undisclosed change in product mix that guaranteed the annuity would receive no return, which amounts to a missed investment return of approximately 5-6%. This is significant and meaningful damage for retirees and individuals living on a fixed income that looked to the Defendants to provide not only a place for protection of their principal, but an opportunity for growth potential. The reality is that the Plaintiffs were damaged in the loss of a growth opportunity that they would have otherwise been able to realize in the market.

49.     Plaintiffs are also entitled to their costs of mitigation as damages. Thus, any investor that chose to leave the fixed index annuity and suffered cash surrender value charges or market value adjustments as a result of changing their investment holdings at Lincoln suffered damages in at least those amounts.

50.     On information and belief, Defendants' actions were knowing and intentional. The products were designed to be a complicated but snappy financial services product. The adjustment of the product mix in the 1-Year Fidelity AIM Dividend index to ensure that no returns were paid on the accounts is consistent with the motive of the Defendants to hold investor client monies, but not have to share any market upside returns or otherwise further pay monies to clients in a post-pandemic volatile market.

14

## Second Claim (Against the Lincoln Defendants)
### Common Law Fraud

51. The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

52. Plaintiffs purchased *Lincoln OptiBlend* products with a 100% allocation in the Fidelity AIM Index based on the false representations concerning the nature of the index and the failure to disclose the essential and material terms of the actual index. Specifically, Lincoln represented that the annuity contracts and financial services, including the 1-Year Fidelity AIM Dividend Index, was part of a "partnership" with Fidelity and it would include a dynamic allocation of 125 dividend stocks. Neither was true. It was a licensed product of Fidelity, not managed, overseen, or even understood by Lincoln, and the methodology of the index was inconsistent with the marketing representations made to brokers, agents, and customers. The methodology was disclosed, without detailed explanation, but supported with back casted forecasts of successful returns, to include a potential mix of dividend stocks and treasuries to minimize market volatility. In reality, the index was adjusted at one point in 2020 to include only or almost entirely treasuries, which was inconsistent with the understanding of the index provided to brokers and agents selling the product to end customers.

53. As a result of these false misrepresentations, the Plaintiffs purchased long-term fixed annuity index contracts with a methodology that apparently was guaranteed to provide little to no return, despite representations to the contrary. The customers, brokers and agents justifiably relied upon these representations in making their purchase decision. As a result of the false statements and omissions, the purchase of these annuities has proximately caused financial injury to the customers. The financial injuries include lost gain opportunity on significant retirement funds placed in these fixed contracts, surrender penalties, and adverse market value adjustments.

**Third Claim (Against the Lincoln Defendants and Fidelity Defendants)**
**Negligent Misrepresentation**

54.     The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

55.     Plaintiffs purchased *Lincoln OptiBlend* products with a 100% allocation in the Fidelity AIM Index, based on the false representations concerning the nature of the index and the failure to disclose the essential and material terms of the actual index. Specifically, Lincoln represented that the annuity contracts and financial services including the 1-Year Fidelity AIM Dividend Index was part of a "partnership" with Fidelity and it would include a dynamic allocation of 125 dividend stocks. Neither was true. It was a licensed product of Fidelity, not managed, overseen, or even understood by Lincoln, and the methodology of the index was inconsistent with the marketing representations made to brokers, agents, and customers. The methodology was disclosed, without detailed explanation but supported with back casted forecasts of successful returns, to include a potential mix of dividend stocks and treasuries to minimize market volatility. In reality, the index was adjusted at one point in 2020 to include only or almost entirely treasuries, which was inconsistent with the understanding of the index provided to brokers and agents selling the product to end customers.

56.     The foregoing representations were made in the course of Defendants' business and were made in the course of transactions in which the Defendants had a pecuniary interest. Defendants did not use reasonable care in communicating the information to customers, brokers and agents and the Plaintiffs justifiably relied on the representations, particularly given the marketing effort and emphasis placed on Lincoln and Fidelity's long track record of investment success and history as an expert in the field.

16

57.     As a result of these false misrepresentations, the Plaintiffs purchased long-term fixed annuity index contracts with a methodology that apparently was guaranteed to provide little to no return, despite representations to the contrary. The customers, brokers and agents justifiably relied upon these representations in making their purchase decision. As a result of the false statements and omissions, the purchase of these annuities has proximately caused financial injury to the customers. The financial injuries include lost gain opportunity on significant retirement funds placed in these fixed contracts, surrender penalties and adverse market value adjustments.

### Fourth Claim (Against Fidelity Defendants)
### Aiding and Abetting Fraud

58.     The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein. Although styled as an independent claim, this is a participatory theory of vicarious liability for misrepresentations made by the Lincoln Defendants.

59.     As alleged above, the Lincoln Defendants committed violations of the Texas Deceptive Trade Practices Act, common law fraud, and negligent misrepresentations in the course of selling *Lincoln OptiBlend* products with the 1-Year Fidelity AIM Dividend Participation account.

60.     On information and belief, the Fidelity Defendants knew and understood the nature of the misrepresentations, due to their design and implementation of the 1-Year Fidelity AIM Dividend Participation index and their own marketing of that index to the Lincoln Defendants through a licensing arrangement. As a result of the business relationship between the two Defendants and their entry into a licensing agreement, the Fidelity Defendants knew or should have known that the index was going to be marketed to third-party customers as a safe investment with attractive returns based on a dynamic mix of dividend-earning stocks and treasuries. In reality, the Fidelity Defendants knew they had the ability and, in fact, exercised their discretion to change

17

the mix of the index to focus solely, or almost entirely, on treasuries which minimizes or likely zeroes any returns a customer might be anticipating.

61.    The Fidelity Defendants had the intent to assist and encourage the Lincoln Defendants. The Fidelity Defendants had a financial incentive to market the product as aggressively as possible so that licensing agreements on its index would be lucrative. By offering a licensing agreement and managing the index and permitting the Lincoln Defendants to trade on Fidelity's name and reputation in the industry, the Fidelity Defendants gave the Lincoln Defendants assistance or encouragement and was a substantial factor in the fraud and deceptive practices.

## TOLLING

62.    Any statute of limitations applicable to the foregoing claims and causes of action is and has been tolled due to the nature of the misrepresentations at issue. Both the discovery rule, as well as the doctrine of fraudulent concealment, apply to toll or otherwise defer the accrual of any claim or cause of action arising out of Defendants misrepresentations and misconduct. The misrepresentations were made about material facts that were inherently undiscoverable because the Defendants controlled the access to information and were in a position of superior influence and knowledge. The misrepresentations were made about material facts that were objectively verifiable in that they were concerning assets and valuations of assets that were readily known to Defendants and could have been discovered but for the misrepresentations. In addition, Defendants concealed the nature of the misrepresentations with the intent that the Plaintiffs not discover their misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a Judgment granting the relief sought by the Plaintiff, including but not limited to:

A.      Certifying a class to proceed against the Defendants consistent with the pleadings and facts;

B.      Actual, consequential, and punitive damages and all other relief available under the claims alleged against Plaintiff and Defendants;

C.      Awarding pre-judgment and post-judgment interest as a result of the wrongs complained of herein at the highest rate allowed by law;

D.      Awarding costs and expenses in this litigation, including reasonable attorneys' fees and other costs of litigation; and

E.      Awarding such other relief as the Court deems just and proper.

Respectfully submitted,

SOMMERMAN, MCCAFFITY,
QUESADA & GEISLER, L.L.P.

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas  75219-4461
214-720-0720 (Telephone)
214-720-0184 (Facsimile)
SMcCaffity@textrial.com

19

# EXHIBIT B

# THE STATE OF TEXAS

ESERVE

## CITATION

To:   **FIDELITY PRODUCT SERVICES, LLC**
      **SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
      **155 FEDERAL STREET, SUITE 700**
      **BOSTON, MASSACHUSETTS 02110**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**No.: DC-23-02492**

Said Plaintiff being **HENRY MORGAN; SUSAN SMITH; CHARLES SMITH; LAURA SEALE; TERRI COGBURN; LAURA BAESEL; TONI HALE; KATHLEEN WALTON; TERRY WARNER**

**HENRY MORGAN, et al**
**vs.**
**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al**

**ISSUED**
**on this the 7th day of March, 2023**

Filed in said Court  **22nd day of February, 2023** against

**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE CO.; THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; FMR, LLC DBA FIDELITY ASSET MANAGEMENT; FIDELITY PRODUCT SERVICES, LLC**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

For Suit, said suit being numbered **DC-23-02492,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**SEAN J MCCAFFITY**
SOMMERMAN McCAFFITY
QUESADA & GEISLER LLP
3811 TURTLE CREEK BLVD STE 1400
DALLAS TX  75219
214-720-0720
SMcCaffity@textrial.com

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of March, 2023**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _____, Deputy
    **KARI MALONE**



**OFFICER'S RETURN**

Cause No. DC-23-02492

Court No.: 14th District Court

Style: HENRY MORGAN, et al

vs.

LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at

_____ o'clock _____.M. on the _____ day of_____, 20_____,

by                 delivering                 to                 the                 within                 named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

For serving Citation   $_____      _____

For mileage         $_____        of_____ County,_____

For Notary          $_____        By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# EXHIBIT C

# THE STATE OF TEXAS

To:  LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP
SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
135 NORTH PENNSYLVANIA ST STE 1610
IDIANAPOLIS MA  46204

**ESERVE**

# CITATION

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

No.: **DC-23-02492**

**HENRY MORGAN, et al**
vs.
**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al**

**ISSUED**
on this the 7th day of March, 2023

Said Plaintiff being **HENRY MORGAN; SUSAN SMITH; CHARLES SMITH; LAURA SEALE; TERRI COGBURN; LAURA BAESEL; TONI HALE; KATHLEEN WALTON; TERRY WARNER**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

Filed in said Court  **22nd day of February, 2023** against

By: **KARI MALONE**, Deputy

LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE CO.; THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; FMR, LLC DBA FIDELITY ASSET MANAGEMENT; FIDELITY PRODUCT SERVICES, LLC

**Attorney for Plaintiff**
**SEAN J MCCAFFITY**
SOMMERMAN McCAFFITY
QUESADA & GEISLER LLP
3811 TURTLE CREEK BLVD STE 1400
DALLAS TX  75219
214-720-0720
SMcCaffity@textrial.com

For Suit, said suit being numbered **DC-23-02492**, the nature of which demand is as follows: Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _____, Deputy
**KARI MALONE**



**OFFICER'S RETURN**

Cause No. DC-23-02492

Court No.: 14th District Court

Style: HENRY MORGAN, et al
vs.
LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at

_____ o'clock _____ .M. on the _____day of_____, 20_____,

by                    delivering                    to                    the                    within                    named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which witness my hand.

For serving Citation   $_____        _____

For mileage            $_____        of_____ County, _____

For Notary             $_____        By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# EXHIBIT D

# THE STATE OF TEXAS

To:   THE LINCOLN NATIONAL LIFE INSURANCE CO.
      SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
      135 NORTH PENNSYLVANIA ST STE 1610
      IDIANAPOLIS MA  46204

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **HENRY MORGAN; SUSAN SMITH; CHARLES SMITH; LAURA SEALE; TERRI COGBURN; LAURA BAESEL; TONI HALE; KATHLEEN WALTON; TERRY WARNER**

Filed in said Court  **22nd day of February, 2023** against

**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE CO.; THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; FMR, LLC DBA FIDELITY ASSET MANAGEMENT; FIDELITY PRODUCT SERVICES, LLC**

For Suit, said suit being numbered **DC-23-02492,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**KARI MALONE**

---

**ESERVE**

# CITATION

No.: DC-23-02492

**HENRY MORGAN, et al**
**vs.**
**LINCOLN NATIONAL CORPORATION**
**D/B/A LINCOLN FINANCIAL GROUP, et al**

**ISSUED**
**on this the 7th day of March, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

**Attorney for Plaintiff**
**SEAN J MCCAFFITY**
SOMMERMAN McCAFFITY
QUESADA & GEISLER LLP
3811 TURTLE CREEK BLVD STE 1400
DALLAS TX  75219
214-720-0720
SMcCaffity@textrial.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-23-02492

Court No.: 14th District Court

Style: HENRY MORGAN, et al
vs.
LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at

_____ o'clock _____.M. on the _____day of_____, 20_____,

by                    delivering                    to                    the                    within                    named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

For serving Citation   $_____        _____
For mileage                $_____        of_____ County, _____
For Notary                 $_____        By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

# EXHIBIT E

# THE STATE OF TEXAS

**To:**  **THE LINCOLN LIFE & ANNUNITY COMPANY OF NEW YORK**
**SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
**1127 BROADWAY STREET NE, SUITE 310**
**SALEM, OREGON, 97391**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **HENRY MORGAN; SUSAN SMITH; CHARLES SMITH; LAURA SEALE; TERRI COGBURN; LAURA BAESEL; TONI HALE; KATHLEEN WALTON; TERRY WARNER**

Filed in said Court **22nd day of February, 2023** against

**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE CO.; THE LINCOLN LIFE & ANNUNITY COMPANY OF NEW YORK; FMR, LLC DBA FIDELITY ASSET MANAGEMENT; FIDELITY PRODUCT SERVICES, LLC**

For Suit, said suit being numbered **DC-23-02492,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _____, Deputy
**KARI MALONE**



**ESERVE**

# CITATION

No.: **DC-23-02492**

**HENRY MORGAN, et al**
vs.
**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al**

**ISSUED**
**on this the 7th day of March, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

**Attorney for Plaintiff**
**SEAN J MCCAFFITY**
SOMMERMAN McCAFFITY
QUESADA & GEISLER LLP
3811 TURTLE CREEK BLVD STE 1400
DALLAS TX  75219
214-720-0720
SMcCaffity@textrial.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-23-02492

Court No.: 14th District Court

Style: HENRY MORGAN, et al

vs.

LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at

_____ o'clock _____ .M. on the _____day of_____, 20_____,

by                    delivering                    to                    the                    within                    named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $_____ | of_____ County, _____ | | |
| For Notary | $_____ | By_____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# EXHIBIT F

# THE STATE OF TEXAS

To:  FMR, LLC DBA FIDELITY ASSET MANAGEMENT
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
155 FEDERAL STREET, SUITE 700
BOSTON, MASSACHUSETTS 02110

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **HENRY MORGAN; SUSAN SMITH; CHARLES SMITH; LAURA SEALE; TERRI COGBURN; LAURA BAESEL; TONI HALE; KATHLEEN WALTON; TERRY WARNER**

Filed in said Court  **22nd day of February, 2023** against

**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE CO.; THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; FMR, LLC DBA FIDELITY ASSET MANAGEMENT; FIDELITY PRODUCT SERVICES, LLC**

For Suit, said suit being numbered **DC-23-02492,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _~Kari Maloe~_ , Deputy
**KARI MALONE**



---

**ESERVE**

# CITATION

No.: **DC-23-02492**

**HENRY MORGAN, et al**
*vs.*
**LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al**

**ISSUED**
**on this the 7th day of March, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

**Attorney for Plaintiff**
**SEAN J MCCAFFITY**
SOMMERMAN McCAFFITY
QUESADA & GEISLER LLP
3811 TURTLE CREEK BLVD STE 1400
DALLAS TX  75219
214-720-0720
SMcCaffity@textrial.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-23-02492

Court No.: 14th District Court

Style: HENRY MORGAN, et al
vs.
LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at

_____ o'clock _____.M. on the _____ day of _____, 20_____,

by                    delivering                    to                    the                    within                    named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

For serving Citation   $_____        _____

For mileage               $_____        of_____ County, _____

For Notary                $_____        By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# EXHIBIT G

14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

March 29, 2023

File Copy

DC-23-02492
HENRY MORGAN, et al vs. LINCOLN NATIONAL CORPORATION D/B/A LINCOLN
FINANCIAL GROUP, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**May 01, 2023** at **11:30 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
SEAN J MCCAFFITY
3811 TURTLE CREEK BLVD STE 1400
DALLAS TX 75219